Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2081 | **DATE** | 8/2/2001 |
| **CASE TITLE** | DENITA SANDERS vs. OSI EDUCATION SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 10/1/01 at 9:30 a.m. Enter Memorandum Opinion And Order. Plaintiff's motion for class certification is granted.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 03 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 13 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | | 01 AUG -2 PM 5:43 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DENITA SANDERS, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | No. 01 C 2081 |
| OSI EDUCATION SERVICES, INC., ) ) | Judge John W. Darrah |
| Defendant. ) | |

AUG 0 3 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Denita Sanders, brought this action against defendant, OSI Education Services, Inc. (OSI), for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). Plaintiff alleges that OSI sent her a "Notice of Prior Wage Withholding" letter stating that she had until December 27, 2000 to establish a repayment agreement or a garnishment order would be issued to her employer for purposes of deducting up to ten percent from her paycheck. She alleges that the Notice of Prior Wage Withholding letter was not sent until sometime after November 27, 2000, less than thirty days before the threatened garnishment, in violation of the FDCPA. Plaintiff also alleges that defendant violated the FDCPA by falsely representing that a consumer has an affirmative duty to document his or her employment history to take advantage of a garnishment exception in violation of the FDCPA.

Plaintiff seeks class certification under Federal Rule of Civil Procedure 23(b)(3) of:

> All consumers who, according to Defendant's records, reside in the State of Illinois and meet the following criteria: (a) within one year prior to the filing of this action [March 23, 2001]; (b) were sent a collection letter by Defendant; (c) materially identical in form to

13

the collection letter Defendant sent Plaintiff; (d) which sought to collect an alleged student loan debt for USA Servicing Corporation; (e) which was not returned by the postal service as undelivered.

Allegations made in support of class certification are considered true (*Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993)); and, as a general matter, this Court does not examine the merits of the case (*Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill 1998), citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996). "A court must understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues." *Dhamer*, 183 F.R.D. at 530.

To receive class certification, plaintiff must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Plaintiff must also satisfy at least one of the three provisions under Rule 23 (b).

Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of class members so long as a conclusion is apparent from good faith estimates ( *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)), and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).

Defendant argues that plaintiff has not satisfied the numerosity requirement because she

2

is merely speculating as to the number of individuals whom OSI sent a Notice Prior to Withholding letter less than 30 days before the date in which the letter should have been legally mailed. Defendant bases its argument on plaintiff's request for documents requested by plaintiff that meet this criteria. Defendant concedes that its records indicate ninety-one Illinois residents were sent a collection letter by defendant between March 23, 2000 and March 23, 2001, which sought to collect a student loan for USA Servicing Corporation.

The class plaintiff seeks to certify does not contain the requirement that forms the basis of defendant's argument. Plaintiff may have asked for such materials; but, according to plaintiff's motion, such criteria is not included in the class. Defendant concedes that at least ninety-one individuals meet the criteria as described in plaintiff's motion. Accordingly, the numerosity requirement is satisfied.

## Commonality and Typicality

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Defendant argues that plaintiff has not satisfied either the commonality or typicality requirement because the only way to determine if the other ninety individuals that received a Notice Prior to Wage Withholding letter that was mailed sometime after the day it was dated, resulting in a time frame of less than 30 days' notice, is to ascertain from those individuals if they saved their envelopes to identify the date the letters were mailed because defendant is unable to determine the exact mailing dates for each letter.

Defendant's argument is not persuasive. In essence, defendant seeks to require plaintiff demonstrate how she will prove her case against defendant. Such a requirement is not necessary. All of the class members were allegedly sent the same form letter by OSI. The central question of law is whether that letter violated the FDCPA. The question refers to standardized conduct on the part of OSI toward members of the class, representing a common nucleus of operative facts that is based on the same legal theory. Accordingly, plaintiff has satisfied both the commonality and typicality requirements. *See Keele v.* Wexler, 149 F.3d 589, 594 (7th Cir. 1998) ("Common nuclei of fact are typically manifest where ... the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents."); *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247, 248 (N.D.Ill. 1999) (*Clark*).

Adequacy of Representation

The class representatives must "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) the

named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar*, 167 F.R.D. at 58.

Defendant does not argue that plaintiff would not provide adequate class representation, and the Court cannot identify any conflicts between plaintiff and the class members or an inadequacy in plaintiff's counsel's ability to protect the interests of the class.

Plaintiff seeks class certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Defendant argues common issues do not predominate for the same reasons that plaintiff did not meet the commonality and typicality requirements. As stated above, defendant's argument is not persuasive. The questions of law and fact to the members of the class, as defined by plaintiff, predominate over questions affecting individual class members. Furthermore, a class action is superior to the available methods for the fair and efficient adjudication of this controversy. Accordingly, the Court finds that the requirements of Rule 23(b)(3) are met.

IT IS THEREFORE ORDERED:

A. The Plaintiff's Motion for Class Certification is granted.

B. The certified class shall be defined as:

> All consumers who, according to Defendant's records, reside in the State of Illinois and were sent a collection letter by defendant between March 23, 2000 and March 23, 2001, that is materially identical in form to the collection letter defendant sent to plaintiff which sought to collect an alleged student loan debt for USA

Servicing Corporation and which was not returned by the postal service as undelivered.

Dated: 8-2-01

_____
JOHN W. DARRAH
United States District Judge